**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| Terry Kidder, | * | |
| | | Case No. 3:22-cv-84 |
| Plaintiff, | * | |
| | | Judge |
| v. | * | |
| | | Magistrate Judge |
| Anderson Merchandisers, LLC | * | |
| c/o CT Corporation System | | **COMPLAINT** |
| 4400 Easton Commons Way | * | |
| Suite 125 | | **JURY DEMAND ENDORSED HEREON** |
| Columbus, OH 43219, | * | |
| | | |
| Defendant. | * | |

Now comes Terry Kidder ("Plaintiff") for his Complaint for damages against Anderson Merchandisers, LLC ("Defendant") as follows:

**I.      JURISDICTION AND VENUE**

1. This action is brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*

2. This Court has personal jurisdiction over Defendant because Defendant systematically and continuously engages in evaluating and hiring employees and applicants and conducting business activities within this State, entering into consumer contracts, and engaging in contractual business relationships within this State.

3. Venue properly lies in this forum pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1391(b) and (c) because Plaintiff applied for work with Defendant in the Southern District of Ohio and a substantial part of the events or omissions giving rise to the causes of action set forth herein occurred in the Southern District of Ohio.

## II.  THE PARTIES

4. Plaintiff is a citizen of the United States and resides in the Southern District of Ohio. Further, at all times material herein, Plaintiff was a job applicant of Defendant within the Southern District of Ohio. At all times relevant herein, Plaintiff was a "consumer" and an "individual" as defined by § 1681a(c) of the FCRA.

5. Defendant is a foreign limited liability company, is registered to do business in the State of Ohio, and at all relevant times has transacted business in the State of Ohio.

6. Upon information and belief, Defendant conducts substantial business activity in the Southern District of Ohio.

7. Further, at all times relevant herein, Defendant is a "person" using "consumer reports" to make "employment decisions" and take "adverse action" against "consumers" in the Southern District of Ohio as those terms are defined by 15 U.S.C. § 1681a.

## III.  STATEMENT OF FACTS

8. On or about January 13, 2022, Plaintiff submitted a job application with Defendant to work at a facility in or around Dayton, Ohio.

9. On or about January 13, 2022, Plaintiff was interviewed by Defendant's Candidate Engagement Specialist. Later that day, Defendant sent Plaintiff a job offer and requested that Plaintiff submit a drug screen by no later than 7:00 p.m. on January 17, 2022.

10. Further, Defendant informed Plaintiff that he would be receiving communication from Accurate Background, Inc. ("Accurate") to obtain additional information to conduct a background check.

11. Plaintiff completed his drug screen prior to January 17, 2022, and his results were negative.

12. On January 13, 2022, Plaintiff created an account with Accurate and submitted all information requested.

13. That same day, January 13, 2022, Plaintiff received an email from Accurate stating that he successfully submitted the required information for his background check.

14. On January 17, 2022, Plaintiff received an email from Accurate notifying him that Accurate may be reporting criminal or other public record information about Plaintiff to Defendant.

15. The same day, Plaintiff received an email from Defendant indicating that it was "considering taking adverse action based on information in [his] background check." The email included a link to a portal where Plaintiff could review: (1) the background check, (2) the summary of his rights under the FCRA, and (3) California Notice of Rights by an Investigative Consumer Reporting Agency. Defendant's email stated that "if we do not hear from you within (5) business days from the date of this notice, we will make our hiring determination."

16. On January 20, 2022, Plaintiff received an email from Defendant stating, in part: "We regret to inform you that we found it necessary to rescind your offer of employment. This decision was made in whole or in part by information contained in a consumer background investigative report made, at our request, by: Accurate Background, Inc."

17. Specifically, the background check conducted by Accurate erroneously listed Plaintiff as a sex offender.

18. Defendant procured a background check from Accurate, and within three (3) days of Defendant receiving Plaintiff's background check, Defendant rescinded the job offer to Plaintiff.

19. Importantly, Plaintiff is not a sex offender, and Plaintiff is not listed in the National Sex Offender Registry ("NSOR").

20. Rather, another individual, who lives in the State of Washington, has the same name and date of birth as Plaintiff. This other individual is listed as a sex offender in the NSOR.

21. Plaintiff disputed the claim that he is a sex offender and that he is listed on the sex offender registry.

22. On January 26, 2022, Plaintiff received an email from Accurate confirming Accurate received Plaintiff's dispute on January 20, 2022 and that Accurate was working on Plaintiff's request.

23. To date, Plaintiff has not been contacted by either Defendant or Accurate regarding the status of Plaintiff's dispute or the rescinded job offer.

24. Defendant willfully denied Plaintiff the rights guaranteed to him by the FCRA.

## IV.   CAUSES OF ACTION

**FIRST CAUSE OF ACTION:**
**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT**

25. All of the preceding paragraphs are realleged as if fully rewritten herein.

26. On or about January 17, 2022, Plaintiff received a letter from Defendant stating that Defendant was considering taking adverse action against Plaintiff based on the information contained in Plaintiff's erroneous background check report.

27. Defendant stated in its January 17, 2022 pre-adverse action notice to Plaintiff the following:

> We will evaluate the information in your Background Check Report on an individualized case-by-case basis in accordance with the law and Equal Employment Opportunity Commission (EEOC) guidance. If you believe that there is additional information that may help us better evaluate your fitness for this position, please contact

us immediately. **If we do not hear from you within (5) business days from the date of this notice**, we will make our hiring determination based on the information currently available to us (emphasis added).

28. On January 20, 2022, just three (3) days after Plaintiff received the aforementioned notice, Defendant rescinded its job offer to Plaintiff in whole or in part because of the information contained in the erroneous background check.

29. Defendant did not provide Plaintiff with a meaningful and reasonable opportunity to review the information and to dispute its contents. Moreover, Defendant did not provide Plaintiff with the five (5) business days as it had previously stated.

30. As such, Plaintiff was not provided with a sufficient amount of time to receive a copy of the consumer report and dispute any errors before Defendant communicated its adverse action decision.

31. Plaintiff disputed the information in the background check on January 20, 2022, and, to date, Defendant has not hired Plaintiff. Moreover, Defendant has not otherwise communicated with Plaintiff in any way since he submitted his dispute.

32. Defendant willfully violated the FCRA by failing to provide Plaintiff with a reasonable amount of time to address the erroneous information in the consumer report before taking adverse action based on such erroneous information.

33. Plaintiff seeks actual and/or statutory damages for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

34. Plaintiff also seeks punitive damages, attorneys' fees, and costs for this violation pursuant to 15 U.S.C. § 1681n(a)(2), (3).

## SECOND CAUSE OF ACTION:
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT

35. All of the preceding paragraphs are realleged as if fully rewritten herein.

36. In the alternative to a willful violation of the FCRA, Defendant negligently violated the FCRA as set forth more fully herein.

37. Plaintiff seeks actual damages for this violation pursuant to 15 U.S.C. § 1681o(a)(1).

38. Plaintiff also seeks attorneys' fees and costs for this violation pursuant to 15 U.S.C. § 1681o(a)(2).

## V. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands back pay and benefits; front pay and benefits; and additional damages in an amount to be determined at trial, including statutory damages, compensatory damages, liquidated damages, punitive damages, emotional distress damages, pre-judgment interest, post-judgment interest, costs, attorneys' fees, and any and such other and further relief as may be necessary, just, and proper.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)
Kelsie N. Hendren (100041)
1550 Old Henderson Rd.
Suite #126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
     agedling@mcoffmanlegal.com
     khendren@mcoffmanlegal.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman
